EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL GRANADO PEREIRA, acusado y apelante.

Núm. 8077.—*Sometido:* Abril 8, 1940. *Resuelto:* Abril 15, 1940.

*M. Cruz Horta,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Rafael Granado Pereira fué convicto de infracción a la Ley de Automóviles y el 25 de octubre de 1938 sentenciado por la Corte de Distrito de San Juan a cumplir ocho meses de cárcel. Apeló el día siguiente para ante este tribunal y

el 26 de enero último el Fiscal de esta Corte Suprema solicitó la desestimación del recurso por abandono. A la moción de desestimación acompañó el fiscal una certificación expedida por el secretario de la corte inferior el 27 de junio de 1939, de la que resulta que el 22 de noviembre de 1938 se concedió al acusado apelante una prórroga de treinta días para radicar la transcripción de evidencia, sin que desde dicha fecha hasta que se expidió la certificación hubiera radicado ninguna otra solicitud de prórroga ni presentado transcripción de evidencia ni exposición del caso. Más de tres meses después de radicarse la moción de desestimación, el 29 del mes pasado, el acusado presentó una moción en la que solicita se ordene la reinstalación del caso en la corte inferior y la celebración de un nuevo juicio. En dicha moción se expone que el taquígrafo que tomó las notas taquigráficas falleció (sin expresar la fecha), y que por ese motivo no puede prepararse una transcripción de evidencia ni puede tampoco prepararse el pliego de excepciones y exposición del caso que en sustitución de la primera permite el artículo 356 del Código de Enjuiciamiento Civil, porque el abogado Gustavo Cruzado Silva, que lo representó en el juicio, no recuerda la evidencia presentada. Se anuncia como *exhibit*, pero no se acompaña, una declaración jurada del abogado Cruzado Silva, y aunque el abogado que suscribe la moción expresa que en su opinión el acusado tiene una defensa meritoria, tampoco se exponen los hechos de los cuales este Tribunal pueda apreciar tales méritos.

Independientemente de lo prescrito en el artículo 356 del Código citado, en el supuesto de que tuviéramos discreción para conceder el remedio que se solicita, el acusado no nos ha presentado un caso digno de que ejercitemos esa supuesta discreción a su favor. Resulta de los autos, como hemos visto, que el 26 de octubre de 1938 se radicó el escrito de apelación y que desde el 22 de noviembre del mismo año, en que el acusado solicitó y obtuvo la prórroga de treinta días antes aludida, no verificó gestión alguna para mantener viva su

apelación, no siendo hasta el 17 de febrero de 1940, más de un año después de haber expirado el término para radicar la transcripción y cerca de un mes después de haber solicitado el Fiscal de este Tribunal la desestimación del recurso, que el acusado solicitó en la corte inferior la concesión de un nuevo juicio so pretexto de que la muerte del taquígrafo le impedía preparar una transcripción, transcripción que no podía presentar por haber expirado desde el 26 de diciembre de 1938 la única prórroga que solicitó y se le concedió a ese efecto.

*En tales circunstancias, procede denegar la moción solicitando el nuevo juicio y reinstalación del caso, y de acuerdo con la solicitud del Fiscal, ordenar la desestimación del recurso por abandono.*